Defendant, Louella Smith, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and asserts a single assignment of error, as follows:
 The Trial Court erred in denying Defendant's Motion for an award of an interest in real property held by the new party defendant.
On January 28, 1993, plaintiff, Donald E. Smith, filed a complaint seeking a divorce from defendant. Defendant timely filed an answer and counterclaim for divorce on February 26, 1993.
On May 20, 1993, defendant moved the trial court, pursuant to Civ.R. 75(B)(1), to add Mary Ann Vance as a new-party defendant. According to defendant's affidavit filed with the motion, Mary Ann Vance, plaintiff's mother, controlled assets belonging to defendant, namely, real property located at 2717 Azelda Avenue, Columbus, Ohio. By entry dated May 20, 1993, the trial court granted defendant's motion and added Mary Ann Vance as a new-party defendant. Thereafter, defendant, with leave of court, filed an amended counterclaim asserting that she was the owner in equity of the aforementioned real property.
On October 18, 1993, defendant filed a motion seeking an award of her interest in the Azelda Street property. With the motion, defendant filed the following written stipulation of facts, which was signed by the attorneys for both plaintiff and defendant and by Mary Ann Vance, pro se:
 1. Mary Ann Vance is the sole owner of the real property located at 2717 Azelda Ave., Columbus, Ohio 43211.
 2. On December 16, 1988, Mary Ann Vance deposited a check totaling $27,851.99, made out to and properly endorsed by Louella Smith, in her checking account number 2982051964 at Huntington National Bank.
 3. Said check to Louella Smith, Defendant in this action, was paid to Louella Smith as a settlement of personal injury claims in connection with an automobile accident.
 4. On December 22, 1988, Mary Ann Vance paid $7,471.74 in cash, derived from her checking account number 2982051964 at Huntington National Bank, to Buckeye Federal Savings and Loan Association, paying off in full the loan on the property secured by a mortgage in favor of Buckeye Federal Savings and Loan Association.
In support of her motion, defendant argued that the settlement check she received as compensation for injuries suffered as the result of an automobile accident constituted her separate property pursuant to R.C. 3105.171(A)(6)(a)(vi); that a portion of this separate property ($7,471.74) was used by Mary Ann Vance to pay off a mortgage loan on her Azelda Avenue property; and that as a result, defendant was entitled to a $7,471.74 interest in the property, to be awarded via the granting of a mortgage in the property.
On October 26, 1993, the trial court filed a document entitled "Findings," which stated only that the parties were receiving no marital assets, paying no marital debts and that the trial court had divided the parties' marital assets and liabilities equally. The document contained no mention of the separate property issue raised in defendant's October 18, 1993 motion.
On the same day, the court filed its "Judgement Entry Decree of Divorce," in which the court, sua sponte and without explanation, dismissed the third-party action against Mary Ann Vance. The court ordered that each party retain his or her own household goods, furniture and personal property free and clear of any claims of the other party and that each party pay and hold the other party harmless on all debts incurred in his or her individual name. The court made no finding with regard to the separate property issue raised in defendant's motion.
Defendant timely appealed the trial court's October 26, 1993 judgment entry. By journal entry dated April 20, 1994, this court stayed the appeal, pending the outcome of a bankruptcy action filed by Mary Ann Vance. When the bankruptcy action was dismissed, the appeal was restored to this court's active docket by entry dated March 2, 1999.
By her assignment of error, defendant argues that the trial court erred: (1) in failing to make a finding that the $7,471.74 used by Mary Ann Vance to pay off her mortgage constituted the separate property of defendant, that sum having been paid to defendant as part of a settlement of a personal injury claim; and (2) in failing to award defendant an equitable interest in the Azelda Avenue property in the amount of $7,471.74.
Preliminarily, we note that plaintiff has failed to file a brief in this case. App.R. 18(C) provides in relevant part:
 Consequence of failure to file briefs. * * * If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.
As noted previously, the record in this case reflects that the trial court granted defendant's Civ.R. 75(B)(1) motion to add Mary Ann Vance as a new-party defendant. The record also contains the parties' stipulations that the check Mary Ann Vance deposited into her checking account was paid to defendant in settlement for a personal injury claim and that Mary Ann Vance used a portion of the proceeds of that check to pay off her own mortgage. The record further reflects that the trial court suasponte and without explanation dismissed Mary Ann Vance as a new-party defendant. In addition, the court failed to address defendant's motion and the written stipulations, which arguably support defendant's contention that she is entitled to an equitable interest in Mary Ann Vance's real property. However, without an explanation of its actions, we are unable to determine whether the trial court erred in dismissing Mary Ann Vance as a new-party defendant, in failing to enter a finding that the money used by Mary Ann Vance to pay off her mortgage constituted the separate property of defendant, and in failing to award defendant an equitable interest in the real property owned by Mary Ann Vance. Therefore, we remand this matter to the trial court to provide an explanation for its decision to dismiss Mary Ann Vance and to address defendant's contention that she is entitled to an equitable interest in Mary Ann Vance's real property. Accordingly, defendant's assignment of error is sustained to the limited extent noted above.
For the foregoing reasons, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is hereby reversed and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
LAZARUS, P.J., and TYACK, J., concur.